FILED
2005 Mar-07 AM 11:08
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ROBERT MITCHELL; FRANKIE MITCHELL, <br><br> Plaintiffs, <br><br> vs. <br><br> ZURICH AMERICAN INSURANCE COMPANY; LAURA WHITE; KEITH RUSSELL; RUSSELL BUILDING COMPANY, INC., <br><br> Defendants. | CASE NO. CV 04-B-1282-S |

### MEMORANDUM OPINION

This case is currently before the court on plaintiffs' Motion to Remand. (Doc. 2.) Plaintiffs Robert and Frankie Mitchell originally filed suit in Jefferson County Circuit Court on May 26, 2004, alleging one count for breach of contract against defendant Zurich American Insurance Company ("Zurich"). (Doc. 1, Ex. A ¶ 14.) The contract was allegedly for "repairs to [plaintiffs'] home as a result of damage caused by [Zurich's] insured." Zurich removed the case on June 21, 2004, on the basis that this court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. Zurich contends that the non-diverse defendants were fraudulently joined. (Doc. 1 ¶¶ 10-11.)

Both plaintiffs in this case are citizens of Alabama. (Doc. 1, Ex. A ¶¶ 1-2). Zurich is a New York corporation and has its principal place of business in Illinois. (Doc. 3 at 1.) Defendant Laura White, an employee of Zurich, is a Maryland resident. (Doc. 1, Ex. A ¶ 4.)

Defendants Russell Building Company and its agent Keith Russell (collectively, "the Russell defendants") are Alabama citizens. (*Id.* ¶¶ 5-6.) Jurisdiction would not be proper if the Russell defendants continue to be defendants, because their Alabama citizenship would destroy complete diversity between the parties. Zurich argues that because no possibility exists that plaintiffs might prove a cause of action against the Russell defendants, those defendants were fraudulently joined. (Doc. 1 ¶ 12.) Zurich notes, "any and all direct causes of action against [the Russell defendants] are now prohibited by the applicable statutes of limitations."

Plaintiffs allege that "during the course of negotiating a claim against [the Russell defendants], [plaintiffs] formed a separate and distinct contract with the Defendant, Laura White." (Doc. 2 at 1.) Specifically, plaintiffs allege that White, an employee of Zurich, "agreed on behalf of [the Russell defendants] and Zurich American Insurance Company to pay for the repairs to the Plaintiffs' home." (*Id.* at 1-2). Plaintiffs argue that they "have alleged an agency theory among the parties. Unquestionably, a claim that Ms. White was acting as an agent on behalf of Zurich Insurance Company and/or [the Russell defendants], is a valid theory of liability." (*Id.*) Plaintiffs further argue that White "was acting on behalf of and with apparent authority for [the Russell defendants] in entering into the contract alleged by the plaintiffs." (*Id.*)

Plaintiffs argue that an agency relationship existed between White, an insurance company employee, and the Russell defendants, an insured of that insurance company. (*Id.*) Plaintiffs do not suggest a legal or factual basis for how White could possibly bind the

2

Russell defendants, who had no control over her whatsoever. Without evidence from plaintiffs describing how the Russell defendants had control of and a fiduciary relationship with White, plaintiffs' agency theory fails.

Plaintiffs alleged in their complaint that the Russell defendants were third-party beneficiaries of the contract between themselves and Zurich. (Doc. 1, Ex. A ¶ 16.) They did not return to this argument in their motion to remand, but the argument is also insufficient to warrant a claim against the non-diverse Russell defendants. The Alabama Supreme Court has set forth the relevant requirements: "To recover under a third-party beneficiary theory, one must show the following: (1) that the contracting parties intended, at the time the contract was created, to bestow a direct benefit upon a third party; (2) that the claimant was the intended beneficiary of the contract; and (3) that the contract was breached." *Barber v. Bus. Prods. Ctr., Inc.*, 677 So. 2d 223, 227 (Ala. 1996). The Russell defendants were not the intended beneficiaries of whatever contract Zurich and the plaintiffs may have formed.

The Eleventh Circuit has set forth the relevant standard for fraudulent joinder:

> Joinder has been deemed fraudulent in two situations. The first is when there is no possibility that the plaintiff can prove a cause of action against the resident (non-diverse) defendant. The second is when there is outright fraud in the plaintiff's pleading of jurisdictional facts. In *Tapscott* . . . , a third situation of fraudulent joinder was identified--i.e., where a diverse defendant is joined with a nondiverse defendant as to whom there is no joint, several or alternative liability and where the claim against the diverse defendant has no real connection to the claim against the nondiverse defendant.

3

*Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998) (internal citations omitted).  The current case is an example of the first situation, in that plaintiff has no possibility of proving the alleged breach of contact claim against the non-diverse Russell defendants.  Therefore, in accordance with the *Triggs* case and many others, the Russell defendants were fraudulently joined and plaintiffs' Motion to Remand must be denied.

For the reasons stated herein, the court is of the opinion that plaintiff's Motion to Remand is due to be denied.  An Order in accordance with this Memorandum Opinion will be entered contemporaneously herewith.

**DONE** this 7th day of March, 2005.


                              *Sharon Lovelace Blackburn*
_____
                              SHARON  LOVELACE  BLACKBURN
                              UNITED STATES DISTRICT JUDGE